Exhibit 5
All Documents Filed in State Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAYRA AVILA AND | § | |
| JESUS NERI-GUIJARRO, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF | § | |
| HANNAH NERI, A MINOR, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | _____ |
| vs. | § | |
| | § | |
| NEIL DIAZ AND MNM TRANSPORT | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants, | § | |
| | § | |

## INDEX OF MATTERS BEING FILED

**Exhibit**      **Name of Document**

A.      Index of Matters Being Filed;

B.      Certified Copy of Civil Docket Sheet from August 8, 2016;

C.      Copy of Plaintiffs' Original Petition and Requests for Disclosure filed on May 26, 2016;

D.      Copy of Citation issued to Defendant MNM Transport Services, LLC on June 3, 2016;

E.      Copy of Citation issued to Defendant Neil Diaz issued on June 3, 2016;

F.      Copy of Defendant MNM Transport Services, LLC's Original Answer filed on July 19, 2016;

G.      Copy of Defendant MNM Transport Services, LLC's Motion to Quash Deposition and Proposed Order filed on August 5, 2016

# DC-16-06416 - MAYRA AVILA, et al vs. NEIL DIAZ, et al

Case Number: DC-16-06416
File Date: 05/26/2016
Case Status: OPEN

Court: 160th District Court
Case Type: MOTOR VEHICLE ACCIDENT

PLAINTIFF : AVILA, MAYRA
Address:
  17 OAK LAWN LANE
  HUTCHINS TX 75141

### Active Attorneys
#### Lead Attorney:
## SORRELLS, RYAN
Retained
Work Phone: 214-941-8300
Fax Phone: 214-943-7536

PLAINTIFF : NERI-GUIJARRO, JESUS
Address:
  3829 TOLBERT STREET
  DALLAS TX 75227

### Active Attorneys
#### Lead Attorney:
## SORRELLS, RYAN
Retained
Work Phone: 214-941-8300
Fax Phone: 214-943-7536

DEFENDANT : DIAZ, NEIL
Address:
  15660 SW 82ND CIRCLE LANE, #68
  MIAMI FL 33193

DEFENDANT : MNM TRANSPORT SERVICES, LLC
Address:
  BY SERVING: AZUR RAMIC
  1410 28TH STREET SE
  GRAND RAPIDS MI 49508

### Active Attorneys
#### Lead Attorney:
## RIOS, REUBEN RAYMOND
Retained
Work Phone: 214-721-6210
Fax Phone: 214-721-6289

**05/26/2016 NEW CASE FILED (OCA) - CIVIL**
**05/26/2016 ORIGINAL PETITION**
  Comment: Mayra Avila et al - Plfs' Original Petition & Request for Disclosure
**05/31/2016 REQUEST FOR SERVICE**
  Ltr Requesting Citation(s).pdf
  Comment: Ltr Requesting Citation(s)
**05/31/2016 ISSUE CITATION**
**06/03/2016 CITATION ISSUED**
  DC-6-6416.pdf
  DC16-6416 (2).pdf
**06/03/2016 CITATION**
  Anticipated Server: ESERVE          Anticipated Method:
  Anticipated Server: ESERVE          Anticipated Method:
  Comment: ESERVE/AM
**07/19/2016 ORIGINAL ANSWER - GENERAL DENIAL**
  Defendant MNM Transport Services, LLC's Original Answer to P

## 08/05/2016 MOTION - QUASH
Defendant's Motion to Quash Notice of Deposition of Corporat...
Comment: PLAINITT NOTICE OF INTENTION

## 08/05/2016 NON-SIGNED PROPOSED ORDER/JUDGMENT
Proposed Order Granting Motion to Quash.PDF
Comment: PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO QUASH

---

AVILA, MAYRA
| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $16.00 |
| Total Payments and Credits | | | | $16.00 |
| 6/1/2016 | Transaction Assessment | | | $16.00 |
| 6/1/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 34367-2016-DCLK | AVILA, MAYRA | ($16.00) |

NERI-GUIJARRO, JESUS
| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $287.00 |
| Total Payments and Credits | | | | $287.00 |
| 5/27/2016 | Transaction Assessment | | | $287.00 |
| 5/27/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 33630-2016-DCLK | NERI-GUIJARRO, JESUS | ($287.00) |

---

Ltr Requesting Citation(s).pdf
DC16-6416.pdf
DC16-6416 (2).pdf
Defendant MNM Transport Services, LLC's Original Answer to P
Defendant's Motion to QUash Notice of Deposition of Corporat
Proposed Order Granting Motion to Quash.PDF

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

    **MNM TRANSPORT SERVICES, LLC**
    **BY SERVING AZUR RAMIC**
    **1410 28TH STREET SE**
    **GRAND RAPIDS MI  49508**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MAYRA AVILA AND JESUS NERI-GUIJARRO, INDIVIDUALLY AND AS NEXT FRIEND OF HANNAH NERI, A MINOR**

Filed in said Court  **26th day of May, 2016** against

**NEIL DIAZ AND MNM TRANSPORT SERVICES, LLC**

For Suit, said suit being numbered **DC-16-06416,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of June, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                /s/ Altha Miles
        By_____, Deputy
             ALTHA MILES

---

**ESERVE**

**CITATION**

**DC-16-06416**

---

**MAYRA AVILA, et al**
**vs.**
**NEIL DIAZ, et al**

**ISSUED THIS**
**3rd day of June, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy

---

**Attorney for Plaintiff**
RYAN SORRELLS
DALLASOFFICE@DGLEY.COM
400 S ZANG BLVD
6TH FLOOR STE 600
DALLAS TX  75208
214-941-8300

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

FILED
DALLAS COUNTY
5/26/2016 4:34:14 PM
FELICIA PITRE
DISTRICT CLERK

David Hernandez

THIS DOCUMENT CONTAINS SENSITIVE DATA

CAUSE NO. DC-16-06416 _____

| | | |
|---|---|---|
| MAYRA AVILA and JESUS NERI-GUIJARRO, INDIVIDUALLY AND AS NEXT FRIEND OF HANNAH NERI, A MINOR<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 160th DISTRICT COURT |
| NEIL DIAZ and MNM TRANSPORT SERVICES, LLC<br>    Defendants. | §<br>§<br>§ | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Mayra Avila and Jesus Neri-Guijarro, Individually and as Next Friend of Hannah Neri, a Minor ("Plaintiffs"), complaining of and against MNM Auto Carriers, LLC ("Defendant MNM") and Neil Diaz ("Defendant Diaz") (collectively "Defendants"), and would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiffs submit this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### RELIEF

2.  Plaintiffs seek monetary relief $200,00 but less than $1,000,000.

---

## III.
## JURISDICTION

3.      This Court has jurisdiction as Plaintiffs' damages sought are within the jurisdictional limits of this Court.

## IV.
## VENUE

4.      All or a substantial part of the events giving rise to this claim occurred in Dallas County. Therefore, venue is proper in Dallas County pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## V.
## PARTIES

5.      Plaintiffs are individuals domiciled in Dallas County, Texas.

6.      Defendant, Neil Diaz, is an individual who may be served with process at his place of residence, 15660 SW 82nd Circle Lane, #68, Miami, Florida, 33193 or wherever he may be found. Pursuant to Section 17.062 of the Civil Practice and Remedies Code, Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 will forward the citation to Neil Diaz, is an individual who may be served with process at his place of residence, 15660 SW 82nd Circle Lane, #68, Miami, Florida, 33193. **Issuance of citation is requested at this time.**

7.      Defendant, MNM Transport Services, LLC, is a Michigan limited liability company doing business in Texas and may be served with process by serving registered agent, Azur Ramic at 1410 28th Street SE, Grand Rapids, Michigan, 49508 or wherever it may be found. Pursuant to Section 17.062 of the Civil Practice and Remedies Code, Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 will forward the

---

citation to Azur Ramic at 1410 28th Street SE, Grand Rapids, Michigan, 49508. **Issuance of citation is requested at this time.**

## VI.
## JURY DEMAND

8.    Plaintiffs hereby respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

9.    Defendant MNM is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant MNM hired, qualified, and retained Defendant Diaz as a truck driver. At all times relevant to this lawsuit, Defendant Diaz was acting in the course and scope of his actual and/or statutory employment with Defendant MNM.

10.    On or about June 19, 2015, Plaintiffs were injured when Defendants made an unsafe lane change and crashed into a Plaintiff's vehicle. Defendants wrecked after changing lanes when unsafe at the intersection of Midway and Alpha in Farmers Branch, Dallas County, Texas. Defendant's negligence, negligence *per se*, and gross negligence proximate caused Plaintiffs' personal injuries and damages.

## VIII.
## NEGLIGENCE OF DEFENDANTS

11.    At all material times, Defendant MNM owned, leased, operated, maintained and/or controlled motor carriers and had the duty to exercise that degree of care which a motor carrier of ordinary prudence would have under the same or similar circumstances. Defendant MNM's employee, Defendant Diaz, likewise had the duty to exercise that degree of care which a motor carrier driver of ordinary prudence would have under the same or similar circumstances.

12.     Defendants' negligence, negligence *per se*, and gross negligence were the proximate cause of Plaintiffs' bodily injuries. Defendants' acts or omissions were unjustifiable and likely to cause serious harm to the Plaintiffs and the public, including but are not limited to:

     a.    In failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances;

     b.    In failing to apply the brakes to the vehicle in order to avoid hitting the Plaintiff's vehicle;

     c.    In failing to control the speed of the vehicle and/or in driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351;

     d.    In failing to be attentive;

     e.    In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid crashing;

     f.    In driving recklessly, in violation of Texas Transportation Code § 545.401;

     g.    In causing an wreck involving personal injuries or death in violation of Texas Transportation Code § 550.021;

     h.    In failing to act as a reasonably prudent person would have under the same or similar circumstances;

     i.    In failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated as required under 49 CFR 392.2;

     j.    In failing to change lanes when safe.

13.     Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiffs sustaining injuries and damages (described below).

## IX.
## RESPONDEAT SUPERIOR

14.     Defendant MNM is vicariously liable for the negligence of employee/agent, Defendant Diaz, as alleged above, under the doctrine of *respondeat superior* because Defendant Diaz was acting in the course and scope of his employment with Defendant MNM at the time of the wreck.

## X.
## NEGLIGENT ENTRUSTMENT

14.     Defendant MNM negligently entrusted the tractor-trailer that Defendant Diaz was operating at the time of the wreck to Defendant Diaz when Defendant MNM knew or should have known that Defendant Diaz was unlicensed and/or incompetent and /or reckless, which also proximately caused Plaintiffs injuries.

## XI.
## NEGLIGENT HIRING AND SUPERVISION

15.     Defendant MNM is liable for Defendant Diaz' negligence because Defendant MNM failed to use ordinary care in hiring, training, supervising, and retaining Defendant Diaz, which also proximately caused Plaintiffs injuries.

## XII.
## EXEMPLARY DAMAGES

16.     Defendants' conduct entitles Plaintiffs to recover exemplary damages under section 41.003 of the Texas Civil Practice and Remedies Code. Plaintiffs seek recovery of exemplary damages for harm that was the direct result of Defendants' gross negligence.

17.     Defendants' acts and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, such as Plaintiffs. Defendants had actual, subjective awareness of the risks involved, but nevertheless preceded with wanton disregard and conscious indifference for the rights, safety, and welfare of others. As such, Plaintiffs requests

the trier of fact to punish and deter Defendants and others like him from such conduct in the future. Plaintiffs, therefore, will seek damages in an amount to be determined by the trier of fact, commensurate with:

    a.    the nature of the wrong committed by Defendants;

    b.    the character of Defendants' course of conduct;

    c.    the degree of culpability of the wrongdoer herein;

    d.    the helpless and dependent nature of the victim in this case; and,

    e.    the severity, frequency, degree, and extent that Defendants' such conduct described herein above offends a public sense of justice and propriety.

## XIII.
## INJURIES - PRESENT AND FUTURE MEDICAL

18.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs suffered severe and disabling injuries to Plaintiffs bodies in general. In addition, since June 19, 2015 Plaintiffs have suffered from pain and injuries, which Plaintiffs never experienced prior to the collision. Moreover, Plaintiffs suffered physical impairment, permanent disfigurement, as well as severe physical and mental pain, suffering, and anguish. Still further, as a proximate result of the negligence of Defendants, Plaintiffs' ability to administer to Plaintiffs own needs have been seriously diminished, and Plaintiffs ability to attend to customary household duties and occupations will continue to be impaired far into the future. In all reasonable probability, Plaintiffs will continue to suffer in this manner for a long time into the future, if not for the balance of Plaintiffs' natural lives.

19.    Solely as a result of the injury, Plaintiffs required extensive medical treatment and has incurred reasonable and customary doctors', pharmacy, and medical expenses for necessary medical treatmen. There is also a reasonable probability that Plaintiffs will incur additional

reasonable expenses for necessary medical care and attention in the future. By reason of the foregoing injuries and damages, Plaintiffs sustained damages far in excess of the minimum jurisdictional limits of the Court.

## XIV.
## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANTS

20.    Plaintiffs requests that Defendants disclose the information and material described in Texas Rule of Civil Procedure 194.2(a)-(l). Additionally, Plaintiffs requests that Defendants disclose all documents, electronic information, and tangible items that are in Defendants' possession, custody, or control and may use to support its claims or defenses. Defendants' responses shall be delivered to Plaintiffs' attorney of record at 400 S. Zang Boulevard, 6th Floor, Suite 600, Dallas, Texas 75208 within fifty (50) days from the date of service hereof. Plaintiffs also requests that Defendants supplement responses to this Request for Disclosure, as provided by Texas Rules of Civil Procedure 192, 193, and 194.

## XV.
## NOTICE OF USE OF DOCUMENTS

21.    Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiffs hereby gives notice to Defendants that she intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XVI.
## PRAYER

22.    THEREFORE, Plaintiffs seeks monetary relief of over $200,000 but less than $1,000,000. Specifically, Plaintiffs respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiffs be awarded judgment against Defendants for the following:

a.      Actual medical bills, all of which are necessary and reasonable for these types of services in Dallas County, Texas;

b.      Future medical care expenses in an amount found to be reasonable and just by the trier of fact;

c.      Monetary damages for past and future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

d.      Monetary damages for past and future physical impairment as found to be reasonable and just by the trier of fact;

e.      Monetary damages for past and future permanent disfigurement in an amount to be determined by the trier of fact;

f.      Monetary damages for lost wages incurred for and past and future loss of earning capacity, in an amount to be determined by the trier of fact;

g.      Exemplary damages, as found to be reasonable by the trier of fact;

h.      Pre and post judgment interest at the maximum legal rate;

i.      Costs of Court;

j.      Such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By: _____
Ryan Sorrells
State Bar No. 24079370
400 S. Zang Blvd.
6th Floor, Suite #600
Dallas, Texas 75208
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: dallasoffice@dgley.com

**ATTORNEY FOR PLAINTIFFS**

CAUSE NO. DC-16-06416

| | | |
|---|---|---|
| MAYRA AVILA and JESUS NERI-GUIJARRO, INDIVIDUALLY AND AS NEXT FRIEND OF HANNAH NERI, A MINOR<br>        Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 160th DISTRICT COURT |
| NEIL DIAZ and MNM TRANSPORT SERVICES, LLC<br>        Defendants. | §<br>§<br>§ | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY
## TO DEFENDANTS MNM

TO:    Defendant, MNM Transport Services, LLC, is a Michigan limited liability company doing business in Texas and may be served with process by serving registered agent, Azur Ramic at 1410 28th Street SE, Grand Rapids, Michigan, 49508 or wherever he may be found.

COMES NOW, Mayra Avila and Jesus Neri-Guijarro, Individually and as Next Friend of Hannah Neri, a Minor ("Plainitff"), by and through his/her attorney of record, Law Office of Domingo Gacria, P.C., and propounds the following written discovery to be answered by MNM Transport Services Carriers, LLC ("MNM" or "Defendant"), such answers to include all of the information called for by such written discovery. These interrogatories, requests for production, and requests for admission are propounded pursuant to Rules 192, 193 196, 197 and 198 of the Texas Rules of Civil Procedure and shall be answered separately, fully in writing, and under oath, within fifty (50) days from the date of service hereof. Any objections to written discovery shall be made within fifty (50) days from the date of service hereof. Plaintiffs also request that the Defendants continue to supplement answers to written discovery, as provided by the Texas Rules of Civil Procedure.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By: _____

Ryan Sorrells
State Bar No. 24079370
400 S. Zang Blvd.
6th Floor, Suite #600
Dallas, Texas 75208
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: dallasoffice@dgley.com

**ATTORNEY FOR PLAINTIFFS**

## DEFINITIONS

"Plaintiffs" as used herein, shall refer to Mayra Avila and Jesus Neri-Guijarro, Individually and as Next Friend of Hannah Neri, a Minor and her respective agents, representatives, or anyone acting on his behalf.

The terms "Defendants" "you" or "your" as used herein, shall refer to MNM and its agents, representatives or anyone acting on his behalf.

The "date" referred to in the following requests and questions is: June 19, 2015.

The "wreckal injury" "incident" and/or "wreck" referred to in the following is the collision occurring on June 19, 2015, involving a Plaintiffs' body and the vehicle operated by Defendant Diaz, which is the basis of this suit as set forth in Plaintiffs' Original Petition.

A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records; and any other similar or comparable recondition of information.

"Communication" means any oral, written, printed documentary, or electronic transfer of information. "Statement" means:

1. Any written or graphic statement made, recorded, signed, or otherwise adopted or approved by the person making it; and

2. Any stenographic, mechanical, electronic or other type of recording, or any transcription thereof which is a substantially verbatim recital in whole or part of an oral statement by the person making it and contemporaneously recorded.

"Documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied,

photographic, or recorded matter.  It shall include communications in words, symbols, pictures, photographs, diagrams, sound recording films, tapes, and information stored in, or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For the purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills; statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, diagrams, and drawings; check registers; checkbooks; circulars, collateral files and contents; credit files and contents; contracts; corporate by-laws and amendments; corporate charters and amendments; correspondence; shareholders meetings minutes; directors meeting minutes; officers meetings minutes; committee meetings minutes; deed of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face to face communications and conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; prepared statements; interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, tests plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes and other records and recordings of any conferences, telegrams, teletypes, and

other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the litigation.   These terms also include any communication passing between your agents, attorney, representatives, or employees, whether or not made in connection with this specific claim or the investigation of the occurrence or transaction out of which this claim has arisen.   If any document requested was not, is no longer, in your possession or control or is no longer in existence state whether it is:

1.   Missing or lost;

2.   Destroyed and, if so, what person and when;

3.   Transferred voluntarily or involuntarily to other, and if so, to whom; or

4.   Otherwise disposed of any, if so, by what person and when.

In each instance, explain the circumstances surrounding every such deposition thereof, state the approximate date thereof, and describe the contents of the information disposed of. "Identify" and "Identity" are to be used as follows:

1.   When used in reference to a person, "identify" or "identification" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

2.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, and the name of the person primarily responsible for its activities and that person's identity.

3.   When used in reference to a document, "identify" or "identification" shall include a statement of the following:

a.  the title, heading or caption, if any of every such document;

b.  whether the document exists;

c.  all attachments to the document;

d.  the contents of the document;

e.  the identifying number(s), letter(s), or combinations thereof, if any; and the significance of or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

f.  the date appearing on such document, if no date appears thereon, the answer shall so state and whenever possible shall give the date or approximate date on which such document was prepared.

g.  the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.),   with sufficient particularity so as to enable such document to be precisely identified;

h.  the name and capacity of the person who authorized or signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

i.  the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and, the physical location of the document and the identity of its custodian or custodians.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO
## DEFENDANT MNM

### INTERROGATORY NO. 1:

Please state whether you have ever had knowledge of Defendant Diaz's driver's license being revoked and/or suspended prior to the happening of this wreck, and if so, please set forth: the state that revoked and/or suspended the license as well as the reason for each revocation and/or suspension.

### RESPONSE:

### INTERROGATORY NO. 2:

What is the relationship between Defendant MNM and Defendant Diaz in this cause of action?

### RESPONSE:

### INTERROGATORY NO. 3:

Please state the names, address, and phone numbers of the individual who first authorized Defendant Diaz to drive the vehicle which was involved in the wreck made the basis of this suit.

### RESPONSE:

### INTERROGATORY NO. 4:

Please state whether, prior to authorizing Defendant Diaz to operate the vehicle involved in the wreck, whether you engaged in any inquiry to determine the driver's physical and/or mental condition and fitness to operate the vehicle and the nature of Diaz's driving ability; and if so then,

(a)     Please describe the inquiry you undertook.

(b)     Please identify each person who has knowledge of any fact relating to the inquiry.

(c)     Please identify each writing relating to the inquiry.

(d)     Please identify the present custodian of any writing relating to the inquiry.

(e)     Please state each reason why you did not engage in any inquiry regarding the driving ability of Defendant Diaz.

### RESPONSE:

**INTERROGATORY NO. 5:**

Please state whether, prior to authorizing Defendant Diaz to use your vehicle, did you undertake any inquiry to determine the existence of any medical condition which might preclude Defendant Diaz 1 from safely operating a motor vehicle; and if so then,

 (a) Please describe the inquiry, you and/or your representatives, and/or agents undertook.

 (b) Please identify each person who has knowledge of any fact relating to the inquiry.

 (c) Please identify each writing relating to the inquiry.

 (d) Please identify the present custodian of any writing relating to the inquiry.

 (e) Please state each reason why you did not engage in any inquiry regarding the medical condition, which might preclude the driving ability of Defendant Diaz.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Describe in detail what damage, if any, was done to your vehicle that Defendant Diaz was operating and which was involved in this wreck, drove in this wreck, and give the cost of repair to such vehicle.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Please describe in detail any claims, contentions, and/or theories of Defendant regarding any cause or contributing cause of the incident and injuries alleged in Plaintiffs' complaint, including a detail of the facts, document, information, and/or other tangible things upon which this contention is based and supported.

This interrogatory specifically seeks to identify any act, condition, or event which could not have been avoided with the use of ordinary caution, including but not limited to, any information you have indicating or any reason you have to believe that there was any defect or failure on any part of your vehicle involved in this collision; any comparative responsibility on the part of the Plaintiffs; and/or whether there was any person (identified by name, address, and telephone number), other than you or Plaintiffs, who contributed to the occurrence of the wreck and/or injuries claimed by Plaintiffs.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Was any training regarding the safe operation of the vehicle, given to and/or required by Defendant Diaz by Defendant and/or any contracted agency or individual, prior to June 19, 2015? Within your response, describe the type of all training received by Defendant Diaz, including an in depth description of any training received by Defendant Diaz in the avoidance of a traffic collision, the date(s) of such training, the name of the person(s) conducting such training, and the topics covered in any training..

**RESPONSE:**

**INTERROGATORY NO. 9:**

State the name, address, and phone number of all persons and/or business entities which conducted any performance evaluations to measure the ability of Defendant Diaz to operate your car hauler, prior to June 19, 2015.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Please state whether you lent/leased/rented the vehicle to Defendant Diaz on the date of the wreck. Within your response, explain any ownership and/or leasing arrangement of the vehicle.

**RESPONSE:**

**INTERROGATORY NO. 11:**

State if, and when you first employed Defendant Diaz, and how long said Defendant had been an employee.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Have you been sued under similar circumstances by other parties, either injured or from families, for a wrongful death or a personal injury claim? If yes, then please state the Court and Cause number of said proceedings.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Please state if you have been advised that your insurance company is denying coverage, asserting an exclusion in your policy, denying you representation, or defending this case conditionally or on reservation of rights.  If yes, please explain in detail.

**RESPONSE:**

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO
## DEFENDANT MNM

**REQUEST FOR ADMISSIONS NO. 1:**

Admit or deny that the incident which forms the basis of this cause, was proximately caused by Defendant Diaz.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit or deny that on June 19, 2015, a collision occurred between a vehicle operated by Defendant Diaz, which you owned, and Plaintiffs.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that Defendant Diaz collided with Plaintiffs at the time of the crash making the basis of the suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that at the time of the crash in question, the vehicle being driven by Defendant Diaz was owned by you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit or deny that Defendant Diaz did not slow down the speed of the vehicle prior to the collision in question, in order to avoid the Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that Defendant Diaz failed to make an evasive move to avoid colliding into Plaintiffs' person, at the time of the crash in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that Defendant Diaz was texting of talking on a cell phone just before he hit the Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that Defendant Diaz collided with the Plaintiff's vehicle, as a result of his carelessness and disregard of human life, at the time of the crash making the basis of the suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that on June 19, 2015, immediately prior to the crash that made the basis of this lawsuit, Defendant Diaz had consumed any intoxicating beverages or drugs.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that on June 19, 2015, immediately prior to the crash that made the basis of this lawsuit, Defendant Diaz had taken any medication, whether prescription or over-the-counter.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that on June 19, 2015, immediately prior to the crash that made the basis of this lawsuit, Defendant Diaz was using a cell phone.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny that Defendant Diaz did not sound the horn prior to the collision in question.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that Defendant Diaz was driving recklessly at the time of the crash.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that the crash made the basis of this lawsuit was caused by the negligence of Defendants Diaz.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny that the Plaintiffs sustained personal injuries as a result of the crash that is the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit or deny that you did not review the driving record and criminal record of Defendant Diaz, prior to permitting him to operate the vehicle that was under his control and supervision on June 19, 2015.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit or deny that the damaged incurred by Plaintiffs is because of Defendant Diaz's acts and omissions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit or deny that, as a direct and proximate result of the incident forming the basis of this cause, Plaintiffs will in all reasonable probability incur future medical expenses.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit or deny that, as a direct and proximate result of the incident forming the basis of this cause, the Plaintiffs has suffered severe mental anguish in the past and will in all reasonable probability suffer severe mental anguish in the future.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 20:**

Admit or deny that Plaintiffs' life was severely disrupted as a result of the incident which forms the basis of this cause.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 21:**

Admit or deny that Plaintiffs is entitled to a fair and adequate compensation, to be determined by a jury, for the mental anguish and suffering that Plaintiffs has had to and will continue to endure the rest of her natural life.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 22:**

Admit or deny that the incident which forms the basis of this cause proximately caused Plaintiffs the loss of enjoyment of life.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 23:**

Admit or deny that the incident which forms the basis of this cause proximately caused Plaintiffs a loss of wages in addition to a loss of past and future earning capacity.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**

Admit or deny that Defendant Diaz is an incompetent driver.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**

Admit or deny that Defendant Diaz was distracted prior to the crash that made the basis of this lawsuit, thereby causing said crash.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**

Admit or deny that you have no defenses to Plaintiffs' causes of action against you.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 27:**

Admit or deny that you acted with malice toward the Plaintiffs after the incident which forms the basis of this cause.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit or deny that you failed to ensure the training of Defendant Diaz on the safe use of the vehicle.

**RESPONSE:**

**REQUEST FOR ADMISSION  NO. 29:**

Admit or deny that Defendants did not provide any driver's education, driver's safety or other comparable safety or driver's education course to Defendant Diaz at any time during Defendant Diaz's period of employment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**

Admit or deny that Defendant Diaz was authorized to use/operate the vehicle owned by Defendants MNM on the date of the crash which is the basis of this cause of action.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**

Admit or deny that Defendants is the holder of the title of the vehicle operated by Defendant Diaz and involved in the crash on June 19, 2015, which is the basis of this litigation.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**

Admit or deny that you were the entity in control of the vehicle which collided with the Plaintiffs on the date of the crash forming the basis of this cause.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 33:**

Admit or deny that you and/or your employees or authorized agents made the decision for the Defendant Diaz to drive the vehicle at the time of the crash.

**RESPONSE:**

**REQUEST FOR ADMISSIONS NO. 34:**

Admit or deny that you and Defendant Diaz, your employee or authorized agent, acted with reckless disregard  for the safety and welfare of the general public, including Plaintiffs, on the date of the collision forming the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:**

Admit or deny that Plaintiffs has received no benefits from you, your company, or any other company following the incident which forms the basis of this cause.

**RESPONSE:**

## PLAINTIFFS' REQUEST FOR PRODUCTION TO
## DEFENDANTS MNM

**REQUEST FOR PRODUCTION NO. 1:**

A legible photocopy of any license, certification, and/or endorsement which permitted Defendant Diaz to legally operate Defendant MNM's vehicle, including but not limited to any driver's license, front and back.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

A copy of the title of the vehicle Defendants Diaz was driving on April 9, 2105, at the time of the accident, made the basis of this lawsuit, and a copy of any other document identifying the make, model and year of purchase of the vehicle involved in the accident that made the basis of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Photographs, indicating that Defendant Diaz has actual or constructive possession of any of the vehicles involved in the accident making the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All bills from physicians, hospitals, clinics, radiologists, therapists, pharmacists and any other bill, invoice, correspondence or other document concerning the charges for treatment or any other medical care you allegedly have paid or have been paid on your behalf as a result of Plaintiffs' damages, and/or the incident which is the basis of this cause

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Drawings, maps, graphs, charts, slides, sketches, photographs, films and/ or videotapes of any nature depicting the scene of the accident made the basis of this lawsuit which has been made.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.6:**

A copy of the surveillance video or photographs that Defendant has of the Plaintiffs and/or any vehicle involved, following the collision in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Any and all photographs, Defendant has actual or constructive possession of any of the vehicles involved in the accident made the basis of this lawsuit. This request is specifically intended to include photos showing damage of Defendant's vehicle made the basis for this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Copies of all documents of any nature indicating who had care and/or control of the vehicle and safety at the time of the accident and/or on any date prior to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

A copy of any damage appraisal or any other documents evidencing repair work performed on Defendant's vehicle which was involved in the collision in questions during the two (2) year period of time immediately preceding the collision and for the date of this accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Copies of any documents demonstrating that you have held safety training program for your employees, agents, and/or workers, including Defendants Diaz, prior to June 19, 2015 concerning operational performance and passenger safety, the safe operation of the vehicle, prevention of accidents, vehicle maneuvering, and/or defensive driving practices. Such request includes any such training which was conducted by any contracted individual and/or business entity to train Defendant MNM's vehicle operators.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

A copy of Defendant's declaration page under the auto policy coverage for the vehicle made the basis for this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

      True and correct copies of any and all records secured by the use of the authorization signed by Plaintiffs or subpoenaed by the Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

      Written and/or recorded statements or documents made by the Plaintiffs in this lawsuit which are in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

      Written and/or recorded statements or documents made by any eyewitness, or by any person having knowledge of relevant facts, concerning the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

      Please provide copies of all the training manuals, written memos, or employee guidelines given to your employees, including Defendants Diaz, in the years 2013-2015.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

All photographs and videotapes of you, taken at or since the time of the incident, including but not limited to photographs and videotapes taken at the site of the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

      Reports, information reports, and/or all documents which relate to any investigation of the accident that made this basis of this action, that have been prepared by you or for you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

All documents and materials of any nature you intend to offer into evidence in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Any information or document(s) that Defendants may use for impeachment purposes against any party, witness and/or other person with knowledge of relevant facts or otherwise named in discovery. Within your response specifically identify any rebuttal witnesses to discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

The electronic crash data recorder (also referred to as an electronic data recorder, airbag control module, and/or "black box") from the vehicle Defendant Diaz was driving at the time of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

A copy of any document of any nature, including the Defendant's contract with the entity, if any, documenting that Defendant MNM provided training to its employees, workers, and/or authorized agents, including but not limited to, training on proper methods of operating a company vehicle and/or how to prevent or avoid accidents, in a safe manner.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

A copy of any accident and/or investigation report prepared by Defendant, its agents, representatives, and/or any individual and/or business entity contracted to investigate the collision. If no report has been prepared, the preparation of a report is hereby requested.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

A copy of any rule, policy, procedure, instruction or similar written guidance within the control, custody or possession of Defendants Diaz, as to the use of Defendant's vehicle by its employee's agents or representatives.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

A true and correct copy of Defendant Diaz's personnel file; and any other document, files, record, or other written materials containing information of Defendant Diaz's driving record, driving skills, driving training; and/or agreements, policies regarding the use/operation of Defendants' s vehicle. This includes all computer data and information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

A copy of any time cards documenting Defendant Diaz's hours for the time worked.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

A copy of any file relating to the vehicle that was involved in the collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

A copy of any document relating to any and all training received by Defendant Diaz. This request includes any driver training, and/or any safety training.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

A copy of any log book relating in any way to Defendant Diaz's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

A copy of any document that will show where Defendant Diaz was for the 48 hours <u>before</u> the accident made the basis of this lawsuit. This request includes, but is not limited to, log books, delivery tickets, bill of lading, loading slips, time cards, and/or credit cards.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

A copy of any document that will show where Defendant Diaz was for the 48 hours <u>after</u> the accident made the basis of this lawsuit. This request includes, but is not limited to, log books, delivery tickets, bill of lading, loading slips, time cards, and/or credit cards on the date of the accident and immediately prior to the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

A copy of any document reflecting recordings by tachograph, speedograph or other recording devices indicating information about the operation of Defendant Diaz's vehicle, including but not limited to information about date, time and rate of speed of such vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

A copy of any document reflecting recordings by tachograph, speedograph or other recording devices indicating information about the operation of Defendant Diaz's vehicle, including but not limited to information about date, time and rate of speed of such vehicle, the day before the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

A copy of any document comprising the owner's manual for Defendant's vehicle, as well as all documents from the manufacturer (or any component parts manufacturer) related to repair, maintenance, service bulletins, recall notices, or any other subject matter pertaining to the use, operation, repair or maintenance of Defendant's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

A copy of any document comprising of personnel record, including but not limited to the driver qualification file for Defendant Diaz, as defined by U.S. Department of Transportation regulations, including but not limited to 49 CFR §391.51, that were generated by any predecessor company to Defendant or any previous employer in your actual or constructive possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

A copy of any document produced pertaining to the maintenance of the vehicle being operated by Defendants Diaz on June 19, 2015.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

A copy of any document constituting the computer report for the period of the last five (5) years for Defendant's vehicle involved in the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

A copy of any document comprising all billing record for all radios, or hand-held phones, portable or cellular phones or communication devices, owned by, given to or entrusted to Defendant Diaz, for use in connection with his employment with Defendant for the period 2008 through date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

A copy of any document pertaining to the punch-clock, or time retention device used by the employees and drivers of Defendants to document the hours worked, hours in and out.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

A copy of any document comprising the driver's pre-trip and post-trip inspections of Defendant Diaz's vehicle, for the period 2008 through date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All manifests with Defendants Timothy Diaz's notes reflecting the off-loading of cargo, or reflecting deliveries made by Defendant Diaz's, for the period 2008 through date of accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

A copy of any document comprising all routing instructions for Defendants Diaz, for the period of the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

A copy of any document memorializing conversations between Defendants and any regulatory official regarding whether Defendants must file any official accident or spill reports as a result of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

A copy of any document comprising the driver's pre-trip and post-trip inspections, also known as Vehicle Condition Reports, for any vehicle owned or operated by Defendants or prepared by any employee of Defendants for the period of the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**

A physical copy of any and all information documented as part of the Defendant's official company's website.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**

A copy of any business card and/or related handwritten note either acquired by or written by Defendant's and Defendant Diaz at the scene of the accident in question on or about the date in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**

A copy of any document relating to any inspections ever done on Defendant Diaz's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**

All information showing what, if any, background checks or investigation you did on Defendant Diaz before you hired him and while he worked for you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**

A copy of any document that will show the entire corporate structure, corporate hierarchy, and/or organizational chart of Defendants and its subsidiaries for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

A copy of any financial and/or net worth statement prepared by you or on your behalf for the years 2008 through the present. This request is intended to include copies of the corporate tax returned for Defendants for the years 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**

A copy of any document relating to compensation or monies paid by you to Defendant Diaz during the calendar years 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**

A copy of any contract and/or agreement you had with any entity for the service and/or maintenance of your company vehicles.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

A copy of any safety manual, safety policy, safety procedure, or safety guideline that applied to Defendant Diaz at the time of the accident made the basis of this lawsuit. This request is intended to include copies of any safety manuals used by any of your regional offices or branches, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

A copy of any document relating to any safety meetings attended by Defendant Diaz from the time he was employed by Defendant. This request includes, but is not limited to, the date of each meeting, topics covered, who conducted the meetings, and who attended the meetings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

A copy of any Defendant's company policy and procedural manual in effect on the date of the accident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

The "new employee file" that Defendants maintains with respect to Defendant Diaz, including but not limited to a copy of Defendant Diaz's resume and/or background.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**

A copy of any document relating to communications with the Department of Transportation with respect to this accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

A copy of any company handbook regarding vehicle safety and safety for its drivers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**

A copy of any document that will show the amount of money spent by you on safety and/or safety programs for each fiscal year from 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**

A copy of any document that will show the amount of money spent by you on regulatory compliance and/or regulatory compliance programs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**

A copy of any disciplinary actions taken against Defendant Diaz while in your employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**

A copy of any agreement and/or understanding made or entered into by you with any other party or potential party to this lawsuit, including the terms and provisions of any such agreement or understanding.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**

A copy of any record or document (medical or non-medical) concerning Defendant Diaz indicating that he was or was not using alcohol and or drugs (including prescription or nonprescription, legal or illegal) within twenty-four (24) hours prior to the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**

A copy of any record or document (medical or non-medical) concerning Defendant Diaz indicating that he did or did not have alcohol and/or drugs (including prescription or non-prescription, legal or illegal) in the bloodstream or urine at the time of or immediately following the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**

A copy of any document relating in any way to any automotive, body, or mechanical repair to Defendant's vehicle, or any component thereof, for the three (3) years preceding the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**

A copy of any drug, alcohol and/or polygraph test performed on Defendant Diaz, in your actual or constructive possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**

A copy of any document relating to all materials carried by Defendant Diaz at the time of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**

A copy of any document showing Defendant Diaz's intended destination at the time of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**

A copy of any document constituting any notice letters that have been sent by or on behalf of Defendant Diaz or Defendant's to any other person or entity, placing such other person or entity on notice of the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**

A copy of any document reflecting all background checks or investigation performed on or about Defendant Diaz, at any time before the accident making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**

A copy of any employment agreement between Defendants and Defendant Diaz.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:**

A copy of any agreement between Defendants or any other transportation service company, pertaining to the leasing, and maintenance of Defendant Diaz's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:**

A copy of any daily vehicle inspection report prepared by any driver, pertaining to Defendant Diaz's vehicle, for the period 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:**

A copy of any of Defendant's manual and all other Defendant's documents given to their drivers which reflect rules and procedures for drivers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:**

A copy of any repair order and/or repair invoice for the repair of Defendant Diaz's vehicle for the period of 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:**

A copy of any document reflecting the names, address and telephone numbers of all shops and garages where maintenance or inspection is performed on Defendant's vehicles that regularly operate in and around the State of Texas, for the period 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:**

A copy of any dispatch log of any kind or character relating to Defendant Diaz for the period of 2008 through the present.

**RESPONSE:**
**REQUEST FOR PRODUCTION NO. 77:**

Defendant's gross revenues for 2008 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:**

A list or privilege log of all documents, videos, photographs, or other materials withheld on the grounds of a legal privilege or objection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:**

Copies of all documents and/or correspondence that constitute and/or has the effect of a "Reservation of Rights" letter regardless of its title, heading, description, sender or addressee.

**RESPONSE:**

CAUSE NO. _____

| | | |
|---|---|---|
| MAYRA AVILA and JESUS NERI-GUIJARRO, INDIVIDUALLY AND AS NEXT FRIEND OF HANNAH NERI, A MINOR<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | _____ DISTRICT COURT |
| NEIL DIAZ and MNM TRANSPORT SERVICES, LLC<br>    Defendants. | §<br>§<br>§ | DALLAS COUNTY, TEXAS |

TO:    Defendant, MNM Transport Services, LLC, is a Michigan limited liability company doing business in Texas and may be served with process by serving registered agent, Azur Ramic at 1410 28th Street SE, Grand Rapids, Michigan, 49508 or wherever he may be found.

PLEASE TAKE NOTICE, sixty (60) days from service of this Notice and continuing thereafter from day to day until completed, Plaintiffs' attorney of record, Law Office of Domingo Garcia, P.C., will take the video deposition of Defendant's corporate representative pursuant to the Texas Rules of Civil Procedure at **THE LAW OFFICE OF DOMINGO GARCIA, P.C., 400 South Zang Blvd., Suite 600, DALLAS, TEXAS 75208,** or at such other place as may be agreed upon by all counsel, before a licensed court reporter. This deposition will be videotaped. You are invited to attend and cross examine.

Respectfully Submitted,

LAW OFFICES OF DOMINGO GARCIA, P.C.

By: _____

Ryan Sorrells
State Bar No. 24079370
400 S. Zang Blvd.
6th Floor, Suite #600
Dallas, Texas 75208
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: dallasoffice@dgley.com
**ATTORNEY FOR PLAINTIFFS**

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2015)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 4

## IDENTIFICATION & LOCATION

| *Crash Date (MM/DD/YYYY) | 06/19/2015 | *Crash Time (24HRMM) | 0845 | Case ID | 203987 | Local Use | |

| *County Name | DALLAS | *City Name | FARMERS BRANCH | | ☐ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees) ° ' " | Longitude — (decimal degrees) ° ' "

### ROAD ON WHICH CRASH OCCURRED

| *1 Rdwy. Sys. | LR | *Hwy. Num. | | 2 Rdwy. Part | 1 | Block Num. | 13500 | 3 Street Prefix | | *Street Name | MIDWAY | 4 Street Suffix | RD |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit 35 | Const. Zone ☐ Yes ☒ No | Workers Present ☐ Yes ☒ No | Street Desc.

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int. ☐ Yes ☒ No | Rdwy. Sys. LR | Hwy. Num. | 2. Rdwy. Part 1 | Block Num. 4100 | 3 Street Prefix | Street Name ALPHA | 4 Street Suffix RD

Distance from Int. or Ref. Marker 100 | ☒ FT ☐ MI | 3 Dir. from Int. or Ref. Marker S | Reference Marker | Street Desc. | RRX Num.

## VEHICLE, DRIVER, & PERSONS

| Unit Num. 1 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State FL | LP Num. F2422S | VIN 1FUJBBCK84LM69342 |

| Veh. Year 2004 | 6. Veh. Color BRO | Veh. Make FREIGHTLINER | Veh. Model UNKNOWN | 7 Body Style TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type 2 | DL/ID State FL | DL/ID Num. D200620773280 | 9 DL Class 98 | 10 CDL End. 96 | 11 DL Rest. 98 | DOB (MM/DD/YYYY) 09/08/1977 |

Address (Street, City, State, ZIP) 15660 SW 82nd Circle #68 LN MIAMI, FL 33193

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | DIAZ, NEIL | N | 37 | H | 1 | 1 | 1 | 97 | | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee | Owner/Lessee Name & Address CARRALERO PENA, DARIEN, 4994 PIMLICO CT WEST PALM BEACH, FL 33415

Proof of Fin. Resp. ☒ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name CAMPBELL GROUP | Fin. Resp. Num. 1901189887

Fin. Resp. Phone Num. 800 748-0351 | 27 Vehicle Damage Rating 1 1 1 R P - 1 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No

Towed By DRIVEN AWAY | Towed To

| Unit Num. 2 | 5 Unit Desc. 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State FL | LP Num. 4997CN | VIN 1JJV532W21L75021 |

| Veh. Year 2001 | 6. Veh. Color WHI | Veh. Make WABASH NATIONAL CORP | Veh. Model NOT APPLICABLE | 7 Body Style TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) / / |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☒ Owner ☐ Lessee | Owner/Lessee Name & Address CARRALERO PENA, DARIEN, 4994 PIMLICO CT WEST PALM BEACH, FL 33415

Proof of Fin. Resp. ☒ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name CAMPBELL GROUP | Fin. Resp. Num. 1901189887

Fin. Resp. Phone Num. 800 748-0351 | 27 Vehicle Damage Rating 1 0 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No

Towed By TOWED AWAY BY UNIT 1 | Towed To

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| BUSHES AND CREPE MYRTLE TREE | BOXER GROUP | 2727 LBJ FWY FARMERS BRANCH, TX 75234 |

## CMV

| Unit Num. 1 | [x] 10,001+ LBS. | [ ] TRANSPORTING HAZARDOUS MATERIAL | [ ] 9+ CAPACITY | CMV Disabling Damage? [ ] Yes [x] No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 02344467 | |
|---|---|---|---|---|---|---|---|---|
| Carrier's Corp. Name WNN TRANSPORT | | | Carrier's Primary Addr. 1410 28TH ST SE GRAND RAPIDS, MI 49508 | | | | | 30 Veh. Type 6 |

| 31 Bus Type | [ ] RGVW [x] GVWR 5 2 0 0 0 | HazMat Released [ ] Yes [ ] No | 32 HazMat Class Num. | HazMat ID Num. | | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Style 15 |
|---|---|---|---|---|---|---|---|---|

| Trailer 1 Unit Num. 2 | [ ] RGWW [x] GVWR 6 8 0 0 0 | 34 Trlr. Type 2 | CMV Disabling Damage? [ ] Yes [x] No | Trailer 2 Unit Num. | [ ] RGVW [ ] GVWR | 34 Trlr. Type | CMV Disabling Damage? [ ] Yes [ ] No |
|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 13 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 |
|---|---|---|---|---|

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control | |
| 1 | 4 | | | | | 1 | 1 | 97 | 3 | 1 | 1 | 17 | |

## NARRATIVE AND DIAGRAM

### Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

Unit#3 was south bound 13500 Midway Rd in the right lane. Unit#1 was south bound 13500 Midway Rd in the right center lane. Unit#1 was towing Unit#2. Unit#1 attempted to change lanes from the right center lane into the right lane. As Unit#1 changed lanes, Unit#1 collided with Unit#3 causing Unit#3 to leave the roadway and collide with several bushes and a small tree. The accident was witnessed by Ted Gebhardt (214)392-2083. A passenger in Unit#3 was transported to Dallas Medical Center for medical treatment not related to the accident. Unit#3 driver complained of shoulder pain but refused medical treatment.

Field Diagram - Not to Scale



Not To Scale

## INVESTIGATOR

| Time Notified (24HR:MM) 0 8 4 9 | How Notified dispatched | Time Arrived (24HRMM) 0 8 5 1 | Report Date (MM/DD/YYYY) 06/19/2015 | |
|---|---|---|---|---|
| Invest. Comp. [x] Yes [ ] No | Investigator Name (Printed) Rutherford, S | | | ID Num. 1675 |
| ORI Num. T X 0 5 7 1 0 0 0 | *Agency FARMERS BRANCH POLICE DEPARTMENT | | | Service/ Region/DA 0 6 |

Law Enforcement and Public Use Only

☐ FATAL ☒ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num. Units 3  Total Num. Prsns. 3  TxDOT Crash ID 14495577.1 /2015250043

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2015)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457

Refer to Attached Code Sheet for Numbered Fields

*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 3 of 4

## IDENTIFICATION & LOCATION

*Crash Date (MM/DD/YYYY) 06/19/2015  *Crash Time (24HRMM) 0845  Case ID 203987  Local Use

*County Name DALLAS  *City Name FARMERS BRANCH  ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No  Latitude (decimal degrees)  Longitude (decimal degrees)

### ROAD ON WHICH CRASH OCCURRED

*1 Rdwy. Sys. LR  *Hwy. Num.  2 Rdwy. Part 1  Block Num. 13500  3 Street Prefix  *Street Name MIDWAY  4 Street Suffix RD

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot  ☐ Toll Road/ Toll Lane  Speed Limit 35  Const. Zone ☐ Yes ☒ No  Workers Present ☒ Yes ☐ No  Street Desc.

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int. ☐ Yes ☒ No  1 Rdwy. Sys. LR  Hwy. Num.  2. Rdwy. Part 1  Block Num. 4100  3 Street Prefix  Street Name ALPHA  4 Street Suffix RD

Distance from Int. or Ref. Marker 100  ☒ FT ☐ MI  3 Dir. from Int. or Ref. Marker S  Reference Marker  Street Desc.  RRX Num.

## VEHICLE, DRIVER & PERSONS

Unit Num. 3  5 Unit Desc. 1  ☐ Parked Vehicle  ☐ Hit and Run  LP State TX  LP Num. DCB1961  VIN 2C3CDXHG9DH541157

Veh. Year 2013  6. Veh. Color GRY  Veh. Make DODGE  Veh. Model CHARGER  7 Body Style P4  ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type 1  DL/ID State TX  DL/ID Num. 28564551  9 DL Class C  10 CDL End. 96  11 DL Rest. 96  DOB (MM/DD/YYYY) 04/17/1987

Address (Street, City, State, Zip) 3829 TOLBERT ST DALLAS, TX 75227

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | NERI-GUIJARRO, JESUS MANUEL | C | 28 | H | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | AVILA, MAYRA | N | 24 | H | 2 | 1 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee  Owner/Lessee Name & Address NERI-GUIJARRO, JESUS MANUEL, 3829 TOLBERT ST DALLAS, TX 75227

Proof of Fin. Resp. ☒ Yes ☐ No  ☐ Expired ☐ Exempt  26 Fin. Resp. Type 2  Fin. Resp. Name NATIONWIDE  Fin. Resp. Num. 7842A 988744

Fin. Resp. Phone Num. 877 262-8247  27 Vehicle Damage Rating 1 7-LFQ-3  27 Vehicle Damage Rating 2 7-LBQ-3  Vehicle Inventoried ☐ Yes ☒ No

Towed By GRAHAMS WRECKER  Towed To TOYOTA OF DALLAS

---

Unit Num.  5 Unit Desc.  ☐ Parked Vehicle  ☐ Hit and Run  LP State  LP Num.  VIN

Veh. Year  6. Veh. Color  Veh. Make  Veh. Model  7 Body Style  ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type  DL/ID State  DL/ID Num.  9 DL Class  10 CDL End.  11 DL Rest.  DOB (MM/DD/YYYY)

Address (Street, City, State, Zip)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☐ Owner ☐ Lessee  Owner/Lessee Name & Address

Proof of Fin. Resp. ☐ Yes ☐ No  ☐ Expired ☐ Exempt  26 Fin. Resp. Type  Fin. Resp. Name  Fin. Resp. Num.

Fin. Resp. Phone Num.  27 Vehicle Damage Rating 1  27 Vehicle Damage Rating 2  Vehicle Inventoried ☐ Yes ☐ No

Towed By  Towed To

Law Enforcement Crash Section ID
Form CR-3 (Rev. 1/1/2015)   ID   203987    Crash ID    14495577.1/2015250043

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 3 | 1 | REFUSED TRANSPORT | MEDIC 132 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. | 2 | ☒ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☒ No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 02344467 | |
|---|---|---|---|---|---|---|---|---|---|

Carrier's Corp. Name MMM TRANSPORT     Carrier's Primary Addr. 1410 28th SE ST GRAND RAPIDS, MI 49508     30 Veh. Type 9

| 31 Bus Type 0 | ☐ RGVW ☒ GVWR 6 8 0 0 0 | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Style 3 |
|---|---|---|---|---|---|---|---|

| Trailer 1 | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Trailer 2 | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|---|

Sequence Of Events   35 Seq. 1   10     35 Seq. 2     35 Seq. 3     35 Seq. 4

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)      Field Diagram - Not to Scale

## INVESTIGATOR

| Time Notified (24HR:MM) 0 8 4 9 | How Notified dispatched | Time Arrived (24HRMM) 0 8 5 1 | Report Date (MM/DD/YYYY) 0 6 / 1 9 / 2 0 1 5 | |
|---|---|---|---|---|
| Invest. Comp. ☒ Yes ☐ No | Investigator Name (Printed) Rutherford, S | | | ID Num. 1675 |
| ORI Num. T X 0 5 7 1 0 0 0 | *Agency FARMERS BRANCH POLICE DEPARTMENT | | | Service/ Region/DA 0 6 |















# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**MNM TRANSPORT SERVICES, LLC**
**BY SERVING AZUR RAMIC**
**1410 28TH STREET SE**
**GRAND RAPIDS MI  49508**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MAYRA AVILA AND JESUS NERI-GUIJARRO, INDIVIDUALLY AND AS NEXT FRIEND OF HANNAH NERI, A MINOR**

Filed in said Court  **26th day of May, 2016** against

**NEIL DIAZ AND MNM TRANSPORT SERVICES, LLC**

For Suit, said suit being numbered **DC-16-06416,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of June, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
     /s/ Altha Miles
     ALTHA MILES

---

**ESERVE**

**CITATION**

**DC-16-06416**

**MAYRA AVILA, et al**
**vs.**
**NEIL DIAZ, et al**

ISSUED THIS
**3rd day of June, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy
_____

**Attorney for Plaintiff**
RYAN SORRELLS
DALLASOFFICE@DGLEY.COM
400 S ZANG BLVD
6TH FLOOR STE 600
DALLAS TX  75208
214-941-8300

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-16-06416

Court No.160th District Court

Style: MAYRA AVILA, et al

 vs.

NEIL DIAZ, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**NEIL DIAZ**
**15660 SW 82ND CIRCLE LANE, #68**
**MIAMI, FLORIDA, 33193**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MAYRA AVILA AND JESUS NERI-GUIJARRO, INDIVIDUALLY AND AS NEXT FRIEND OF HANNAH NERI, A MINOR**

Filed in said Court  **26th day of May, 2016** against

**NEIL DIAZ AND MNM TRANSPORT SERVICES, LLC**

For Suit, said suit being numbered **DC-16-06416,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQ FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of June, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
/s/ Altha Miles
ALTHA MILES

---

**ESERVE**

**CITATION**

**DC-16-06416**

**MAYRA AVILA, et al**
**vs.**
**NEIL DIAZ, et al**

ISSUED THIS
**3rd day of June, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy
_____

**Attorney for Plaintiff**
RYAN SORRELLS
DALLASOFFICE@DGLEY.COM
400 S ZANG BLVD
6TH FLOOR STE 600
DALLAS TX  75208
214-941-8300



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-16-06416

Court No.160th District Court

Style: MAYRA AVILA, et al

 vs.

NEIL DIAZ, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
7/19/2016 12:46:02 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-02292-G-BK   Document 1-5   Filed 08/08/16   Page 57 of 67   PageID 72

CAUSE NO. DC-16-06416

| | | |
|---|---|---|
| MAYRA AVILA AND | § | IN THE DISTRICT COURT OF |
| JESUS NERI-GUIJARRO, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF | § | |
| HANNAH NERI, A MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 160TH JUDICIAL DISTRICT |
| | § | |
| NEIL DIAZ AND MNM TRANSPORT | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT MNM TRANSPORT SERVICES, LLC'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant MNM Transport Services, LLC ("Defendant") files this its Original Answer to Plaintiffs Myra Avila and Jesus Neri-Guijarra, Individually and a/n/f of Hannah Neri, a minor ("Plaintiffs") Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Subject to such stipulations and admissions as may be made hereafter, Defendant hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiffs be required to prove by a preponderance of the evidence the charges and allegations that they have made against Defendant.

## II.
## AFFIRMATIVE DEFENSES

1. Defendant hereby asserts all rights arising pursuant to the proportional responsibility and contribution statues, including offset due to Plaintiffs' responsibility,

**DEFENDANT MNM TRANSPORT SERVICES, LLC'S ORIGINAL ANSWER TO PLAINTIFFS'**
**ORIGINAL PETITION – PAGE 1**

contributions from other parties found responsible, and credit for any settlements made in this action.

2.      Further answering, alternatively, and by way of affirmative defense, Defendant would show that the incident in question and Plaintiffs' alleged resulting damages, if any, were the result of negligent action and/or omissions of others not under the control of Defendant, including Plaintiffs whose acts or omissions were, alternatively, a proximate cause or a producing cause or a contributing proximate cause or a contributing producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom. Defendant therefore invokes the doctrine of comparative negligence and causation as a reduction or complete bar to any recovery by Plaintiffs.

3.      Pleading further, alternatively, and by way of affirmative defense, Defendant would show that, in the unlikely event that any liability be found on the part of Defendant, such liability be reduced by the percentage of causation found to have resulted from the negligence of others, parties and non-parties, to this suit in the manner prescribed by Texas Civil Practice and Remedies Code and Common Law.

4.      On information and belief, Plaintiff's alleged injuries, damages or losses were directly and proximately caused by the intervening, superseding acts and conduct of Plaintiffs, other parties and/or others over whom Defendant had no control.  These acts constituted a new and independent cause of Plaintiffs' alleged injuries or damages.  The acts and omissions of others were a complete and total proximate cause of all Plaintiffs' injuries and resulting damages. Accordingly, Defendant pleads the doctrine of efficient intervening proximate cause as a complete bar to any recovery.

5.      Defendant would show the Plaintiffs' allegations for medical expenses are limited to those expenses actually paid or incurred by the Plaintiffs.

6.      Defendant would assert that the Court should instruct the jury as to whether any recoveries sought by the Plaintiffs are subject to federal or state income taxes.

7.      Defendant asserts that Plaintiffs may only recover damages, if any, as allowed by Section 41.0105 of the Texas Civil Practice and Remedies Code and *Haygood v. Garza De Escabedo*, 356 S.W.3d 390 (Tex. 2011), which bar in whole or in part Plaintiffs' alleged damages.

8.      Further answer, alternatively, and by way of affirmative defense, Defendant states, Defendant should not be assessed any monetary damages arising from and/or associated with any pre-existing and/or subsequent accidents and/or incidences and/or conditions, either of a physical nature and/or of a mental nature, involving and/or pertaining to the Plaintiffs and over which this Defendant had no control nor right of control.

9.      Defendant has asserted these defenses in their answer in order to preserve their right to assert the affirmative defenses and to give Plaintiffs notice of Defendant's intention to assert these defenses and avoid waiver.  Defendant hereby reserves the right to add additional affirmative defenses, as they may become known to them during the course of discovery.

### III.
### AUTHENTICATION

10.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendant hereby serves notice that a Plaintiffs' or Co-Defendants' production of a document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## IV.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant requests Plaintiffs disclose, within thirty days of service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant MNM Transport Services, LLC prays that, upon final hearing of this cause, the Court enter judgment that Plaintiffs Myra Avila and Jesus Neri-Guijarra, Individually and a/n/f of Hannah Neri, a minor, take nothing of and from Defendant, assess costs and attorneys' fees against Plaintiffs, and award Defendant all other and further relief, both general and special, legal or equitable, to which Defendant may be justly entitled.

Respectfully Submitted,

REUBEN R. RIOS
State Bar No. 16935873
MEADERS & LANAGAN
2001 Bryan Street, Suite 3350
Dallas, TX  75201-3068
Telephone: (214) 721-6210
Facsimile: (214) 721-6289
Email:  rrios@meaderslaw.com
Eservice: efiling@meaderslaw.com

ATTORNEYS FOR DEFENDANTS
MNM TRANSPORT SERVICES, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiffs' counsel on the 19 July 2016 via eservice in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Ryan Sorrells
Law Offices Domingo Garcia, P.C.
400. S. Zang Blvd.
6th Floor, suite #600
Dallas, Texas  75208
Telephone: (214) 941-8300
Facsimile: (214) 943-7536
Eservice: dallasoffice@gdley.com

_____
REUBEN R. RIOS

FILED
DALLAS COUNTY
8/5/2016 4:31:55 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-02292-G-BK   Document 1-5   Filed 08/08/16   Page 62 of 67   PageID 77

CAUSE NO. DC-16-06416

| | | |
|---|---|---|
| MAYRA AVILA AND | § | IN THE DISTRICT COURT OF |
| JESUS NERI-GUIJARRO, INDIVIDUALLY | § | |
|  AND AS NEXT FRIEND OF | § | |
| HANNAH NERI, A MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 160TH JUDICIAL DISTRICT, |
| | § | |
| NEIL DIAZ AND MNM TRANSPORT | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE OF INTENTION TO TAKE VIDEOTAPED DEPOSITION OF THE CORPORATE REPRESENTATIVE FOR MNM TRANSPORT SERVICES, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant MNM Transport Services, LLC, in the above-entitled and numbered cause, by and through their attorneys of record, Reuben R. Rios, Meaders & Lanagan, files their Motion to Quash Plaintiffs' notice of intent to take video deposition of Defendant's corporate representative for MNM Transport Services, LLC, and respectfully shows the following:

### I.       BACKGROUND

On or about July 8, 2016, Plaintiff noticed a Corporate Representative for MNM Transport Services, LLC to occur sixty (60) days after service of notice. *See notice attached hereto as Exhibit A.*

### II.       OBJECTIONS TO NOTICE

Defendant files this Motion to Quash Plaintiffs' notice of intent to take video deposition of Corporate Representative for MNM Transport within thirty days of its receipt and therefor

**DEFENDANT'S MOTION TO QUASH PLAINTIFF'S NOTICE OF INTENTION TO TAKE VIDEOTAPED DEPOSITION OF THE CORPORATE REPRESENTATIVE FOR MNM TRANSPORT SERVICES, LLC – PAGE 1**

Defendant seeks the automatic stay pursuant to Rule 199.4 of the Texas Rules of Civil Procedure pending resolution of Defendant's objection to this deposition notice.

Plaintiff fails to specify the areas of knowledge of Corporate Representative, as well as an agreeable date and time.

### III.       CONCLUSION

Defendant objects to this notice as set out above and ask this Court to quash Plaintiff's notice to take video deposition of Corporate Representative for the reasons cited above.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court grant this Motion to Quash Plaintiffs' notice of intent to take video deposition of Corporate Representative of MNM Transport Services, LLC, and for any such other and further relief, whether at law or in equity, to which Defendant may be justly entitled.

Respectfully Submitted,

REUBEN R. RIOS
State Bar No. 16935873
MEADERS & LANAGAN
2001 Bryan Street, Suite 3350
Dallas, TX  75201-3068
Telephone: (214) 721-6210
Facsimile: (214) 721-6289
Email:  rrios@meaderslaw.com
Eservice: efiling@meaderslaw.com

ATTORNEYS FOR DEFENDANTS
MNM TRANSPORT SERVICES, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon Plaintiffs' counsel on the 5 August 2016 via eservice in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Ryan Sorrells
Law Offices Domingo Garcia, P.C.
400. S. Zang Blvd.
6th Floor, suite #600
Dallas, Texas  75208
Telephone: (214) 941-8300
Facsimile: (214) 943-7536
Eservice: dallasoffice@gdley.com

REUBEN R. RIOS

# EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| MAYRA AVILA and JESUS NERI-<br>GUIJARRO, INDIVIDUALLY AND<br>AS NEXT FRIEND OF HANNAH<br>NERI, A MINOR<br>    **Plaintiffs,** | § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| **VS.** | § <br> § | _____ DISTRICT COURT |
| **NEIL DIAZ and MNM TRANSPORT<br>SERVICES, LLC**<br>    **Defendants.** | § <br> § <br> § | DALLAS COUNTY, TEXAS |

TO:    Defendant, MNM Transport Services, LLC, is a Michigan limited liability company doing business in Texas and may be served with process by serving registered agent, Azur Ramic at 1410 28th Street SE, Grand Rapids, Michigan, 49508 or wherever he may be found.

PLEASE TAKE NOTICE, sixty (60) days from service of this Notice and continuing thereafter from day to day until completed, Plaintiffs' attorney of record, Law Office of Domingo Garcia, P.C., will take the video deposition of Defendant's corporate representative pursuant to the Texas Rules of Civil Procedure at **THE LAW OFFICE OF DOMINGO GARCIA, P.C., 400 South Zang Blvd., Suite 600, DALLAS, TEXAS 75208,** or at such other place as may be agreed upon by all counsel, before a licensed court reporter. This deposition will be videotaped. You are invited to attend and cross examine.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By: _____
    Ryan Sorrells
    State Bar No. 24079370
    400 S. Zang Blvd.
    6th Floor, Suite #600
    Dallas, Texas 75208
    Telephone: (214) 941-8300
    Fax: (214) 943-7536
    Email: dallasoffice@dgley.com
    **ATTORNEY FOR PLAINTIFFS**

CAUSE NO. DC-16-06416

| | | |
|---|---|---|
| MAYRA AVILA AND | § | IN THE DISTRICT COURT OF |
| JESUS NERI-GUIJARRO, INDIVIDUALLY | § | |
| AND AS NEXT FRIEND OF | § | |
| HANNAH NERI, A MINOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 160TH JUDICIAL DISTRICT, |
| | § | |
| NEIL DIAZ AND MNM TRANSPORT | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH PLAINTIFFS' NOTICES OF DEPOSITION CORPORATE REPRESENTATIVE

On this day, the Court considered Defendant's Motion to Quash Deposition of Corporate Representative for MNM Transport Services, LLC. After reviewing the motion, the Court is of the opinion that the Motion should be granted.

IT IS THEREFORE ORDERED and that Plaintiff's subpoena be quashed.

SIGNED this _____ day of _____, 2016.


_____
JUDGE PRESIDING